**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

In Re: Matter of Ex Parte Petition of Swisscanto Fondsleitung AG for Judicial Assistance Pursuant to 28 U.S.C. § 1782

Civil No. 26-mc-106 (DJF)

**ORDER**

---

This matter is before the Court on Petitioner Swisscanto Fondsleitung AG's ("Swisscanto") *Ex Parte Petition Pursuant to 28 U.S.C. § 1782 for Judicial Assistance* ("Petition") (ECF No. 1), which the Court considers along with its Declaration in Support. (ECF Nos. 4, 4-1.) For the reasons given below, the Petition is granted.

**I. Background**

On November 9, 2026, Swisscanto filed its Petition under 28 U.S.C. § 1782(a) in the District of Minnesota as the representative plaintiff in a securities class action, *Swisscanto Fondsleitung AG v. BlackBerry Limited, et al.*, Court File No. CV-13-00495413-00CP ("Ontario action"), which is pending before the Ontario Superior Court of Justice in Toronto, Canada ("Ontario Superior Court"). (ECF No. 4 ¶ 1, 4.) The Ontario action involves allegations that BlackBerry prematurely recognized revenue on sales of its BlackBerry 10 smartphones, and that when BlackBerry later changed its revenue-recognition approach, its share price fell sharply, damaging the investors who make up the certified class. (*Id.* ¶ 4, 5.) The Ontario Superior Court has scheduled a six-week trial in that action to begin on January 11, 2027.

Swisscanto seeks an Order directing the issuance of a subpoena to a Minnesota resident, Mr. Rodney 'Roddy' Hjort, requiring Mr. Hjort to provide live testimony for the trial in the Ontario action via video link from within this District. (*Id.* ¶ 2.) Mr. Hjort is a former Senior Merchant at Best Buy, and Swisscanto seeks his testimony regarding core allegations in the case. (*Id.* ¶ 3, 7.) Included with the Petition is a Letter of Request from the Ontario Superior Court, requesting this

Court's assistance "to cause Roddy Hjort to appear before [the Ontario Superior Court] virtually by the means ordinarily used in [this] jurisdiction to secure his attendance, and to answer questions under oath or affirmation, under the direction of the trial judge in Ontario … via live, two-way videoconferencing during the trial of this action." (ECF No. 4-1 at 2-3.)

## II. Analysis

28 U.S.C. § 1782 "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Congress passed Section 1782 to further the goal of providing "assistance in obtaining documentary and other tangible evidence as well as testimony." *Id.* at 247–48. Section 1782(a) provides that a federal district court "may order" a person "resid[ing]" or "found" in the court's district to give testimony or produce documents "for use in a proceeding in a foreign or international tribunal ... upon the application of any interested person." *Id.* at 246 (quoting 28 U.S.C. § 1782(a)); *see also In re Hallmark Capital Corp.*, 534 F. Supp. 2d 951, 953–54 (D. Minn. 2007) (holding that an order is "appropriate where the Applicant establishes that (1) the discovery is sought from a person found in this district, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the applicant is an 'interested person' before such foreign tribunal").

Based on the record before the Court, the Petition satisfies all the statutory requirements. Mr. Hjort is a person residing in this District (ECF No. 4 ¶ 3), his testimony is requested for use in a proceeding in a foreign tribunal, namely, the ongoing civil trial pending before the Ontario Superior Court (*id.* ¶ 1, 4), and Swisscanto, as a litigant, is an "interested person" (*see Intel Corp.*, 542 U.S. at 256).

Once a petitioner satisfies the statutory requirements under Section 1782(a), the court must

consider four additional factors: "(1) whether the person from whom discovery sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign tribunal to federal judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies; and (4) whether the request is unduly intrusive or burdensome." *In re Request for Judicial Assistance from the Municipal Court in Brno, Czech Republic*, No. 19-mc-21 (ECT/SER), 2019 WL 1513897, at *1 (D. Minn. Apr. 8, 2019) (citing *Intel Corp.*, 542 U.S. at 264-65).

Here, the *Intel* factors weigh in favor of granting the Petition. The first factor is neutral. Though Mr. Hjort is not a participant in the Ontario action, he testified in a related proceeding, and Swisscanto has identified specific, relevant testimony he is expected to provide during the trial. (*See* ECF Nos. 4 at 3-4; 4-1 at 6-11.) The second and third factors weigh in the Petition's favor because the Ontario Superior Court, through Swisscanto, is seeking Mr. Hjort's testimony (*see* ECF No. 4-1 at 1-11), and there is no indication that either Swisscanto or the Ontario Superior Court is attempting to circumvent foreign proof-gathering procedures. Finally, this request does not on its face demand an unduly intrusive or burdensome production,[1] especially given that it seeks Mr. Hjort's testimony from within this District via video link.

When these prerequisites are met, a court has the discretion to grant an application under Section 1782 if doing so would: (1) provide an efficient means of assistance to participants in

[1] Courts routinely decide Section 1782 subpoena requests *ex parte*. *See generally In re Dom*, No. 20-mc-80 (WMW/TNL), 2021 WL 871292 (D. Minn. Mar. 9, 2021); *In re Plowiecki*, No. 21-cv-23 (JRT/BRT), 2021 WL 4973762 (D. Minn. Oct. 26, 2021). Though the subpoena will be issued *ex parte*, this Order allows objections to the subpoena to be raised within ten (10) days of service of the subpoena, with any further briefing to proceed on an expedited schedule set by the Court, so that any such objection may be addressed and resolved in advance of trial. Mr. Hjort thus will have an opportunity to raise any concerns he may have about the burden imposed before he is required to testify.

international litigation; and (2) encourage foreign countries to provide reciprocal means of assistance to United States courts and litigants. *Hallmark*, 534 F. Supp. 2d at 952 (citing *In re Application of Euromepa,* 51 F.3d 1095, 1097, 1101 (2d Cir.1995)). Here, both parties have consented to this process (*see* ECF Nos. 4 at 2; 4-1 at 7), and granting the Petition would provide an efficient means of assistance to the parties and the Ontario Superior Court, which will supervise the taking of Mr. Hjort's testimony (*see* ECF Nos. 4 at 2; 4-1 at 1-11). The Ontario Superior Court further indicates it is willing to provide reciprocal means of assistance should any be needed. (*See* ECF No. 4-1 at 3.) These factors also weigh in the Petition's favor.

Having determined that the statutory prerequisites are met and the factors established under relevant case law are favorable, the Court must decide whether Section 1782 permits remote trial testimony. The Court concludes that it does. This conclusion is consistent with at least one other decision in this District involving the same trial in the Ontario Superior Court. *See In re Ex Parte Petition of Swisscanto Fondsleitung AG for Judicial Assistance Pursuant to 28 U.S.C. § 1782*, No. 26-mc-107 (JFD) (D. Minn. Nov. 18, 2026) (granting similar *ex parte* subpoena request pursuant to Federal Rule of Civil Procedure 43(a)). Courts in a few other districts have found that Section 1782 authorizes only pretrial discovery.[2] However, this Court respectfully disagrees, for the reasons set forth below.

---

[2] *See In re Swisscanto Fondsleitung Ag*, No. 2:26-cv-14241-WJM-JBC, 2026 WL 3438838, at *3 (D.N.J. Nov. 12, 2026) (disallowing remote trial testimony under Section 1782 on the ground that "Section 1782's language and the case law interpreting Section 1782 indicate that Section 1782 is limited to pretrial discovery."); *In re Ex Parte Petition by Att'y Gen. of Quebec*, No. 21-mc-23671, 2021 WL 5231630, at *2-3 (S.D. Fla. Nov. 10, 2021) (authorizing subpoenas for deposition testimony but denying request for subpoenas for remote trial testimony, and finding the argument that "[S]ection 1782 was intended to assist in obtaining pretrial discovery and not trial testimony" is persuasive); *In re Application of Att'y Gen. of Quebec*, No. 1:21-mc-00264, 2021 WL 4497145, at *3 (D. Me. Sep. 30, 2021) (stating that Section 1782's "language and case law suggest the statute is designed to facilitate pretrial discovery rather than trial testimony").

The Court begins with the statutory text. *Doe v. Dep't of Veterans Affs. of U.S.*, 519 F.3d 456, 461 (8th Cir. 2008). The plain language of Section 1782 reads, "the district court… may order [the witness] to give his *testimony* or statement… for use in a *proceeding*." 28 U.S.C. § 1782(a) (emphasis added). Judges in this District routinely construe the term "proceeding" to include trials, and the Court is aware of no authority to suggest otherwise. *See Proceeding*, Black's Law Dictionary (12th ed. 2024) (the term "proceeding" means "[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment"). Thus, the statute does not, on its face, confine permissible testimony to pretrial depositions. "When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" *Owner-Operator Indep. Drivers Ass'n, Inc. v. Supervalu, Inc.*, 651 F.3d 857, 862 (8th Cir. 2011) (quoting *Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 253-54 (1992)). Congress easily could have added the words "discovery" or "pretrial" to the statute, but it elected not to do so. The Court declines to infer a limitation in the statute not placed there by Congress.

Additionally, reading Section 1782 to permit live trial testimony via video link serves the interests of comity and cooperation on which the statute is premised. There will likely come a day when a trial in this District requires testimony from a Canadian witness and the Court may seek a similar accommodation. The Court hopes to receive the same courtesy if, and when, that day arrives. Granting the Petition also serves the interests of fairness and justice, and the goal of resolving issues on the merits. The Ontario Superior Court ordered similar requests with respect to 17 witnesses in addition to Mr. Hjort. (*See* ECF No. 4-1 at 8-10.) If every foreign court that receives such a request denies it, the fairness of the trial could be seriously undermined.

Moreover, there appears to be no reason to preclude remote testimony, other than the fact

that it has not often happened previously, if it all. But the fact that something has not been done before is not a compelling reason to disallow it now. Not very long ago, the only testimony that feasibly could be obtained under Section 1782 was deposition testimony, because requiring a witness to travel across an international border to testify in a foreign tribunal usually would be overly burdensome for the witness.[3] But times have changed, and courts now have the technology to allow trial testimony by video link from locations other than the courtroom. Remote testimony has become a ubiquitous feature of court proceedings, in both the pretrial and trial stages of civil litigation.

This allowance is reflected in Rule 43. Fed R. Civ. P. 43. Although trial testimony customarily "must be taken in open court," Rule 43(a) permits, "[f]or good cause in compelling circumstances and with appropriate safeguards," testimony "by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). The Eighth Circuit has applied Rule 43(a) to approve live testimony for a trial via video link. *See Parkhurst v. Belt*, 567 F.3d 995, 1002 (8th Cir. 2009) (Rule 43(a) makes an "express provision for testimony by closed circuit television"). Judges in this District have similarly applied Rule 43(a). *See Reynolds v. Harper*, No. 25-cv-754 (LMP/SGE), 2026 WL 622283, at *7 (D. Minn. Mar. 5, 2026) ("Trial testimony, too, may be conducted virtually for good cause in compelling circumstances and with appropriate safeguards.") (internal quotation omitted). The Petition's request is thus consistent with Rule 43.

The request is also consistent with Rule 45, which sets geographical limits on subpoenas in civil proceedings. Fed R. Civ. P. 45. As relevant here, under Rule 45(c)(1)(A), a subpoena may command a person to appear at a trial only "within 100 miles of where the person resides." *Id.*

---

[3] Even if Section 1782 did not support such a limitation, ordering someone to travel to a foreign country and testify would, in most cases, violate Rule 45. *See* Fed R. Civ. P. 45.

This inquiry turns on where the witness is asked to give the remote testimony, not where the testimony will be received. *See Int'l Seaway Trading Corp. v. Target Corp.*, No. 20-mc-86 (NEB/KMM), 2021 WL 672990, at *5 (D. Minn. Feb. 22, 2021) ("[T]he 100-mile limitation now found in Rule 45(c) has to do with the place of *compliance*; not the location of the court from which the subpoena issued.") The subpoena at issue here commands Mr. Hjort to testify at a location in Minneapolis, Minnesota (*see* ECF No. 4-1 at 16), and he is believed to reside in Prior Lake, Minnesota (*see* ECF No. 4 at 3). The Court takes judicial notice of the fact that the city of Prior Lake is less than 100 miles from Minneapolis.[4] Because Minneapolis is within 100 miles of where Mr. Hjort resides, commanding him to testify via video link in Minneapolis is consistent with the plain language of Rule 45(c)(1)(A).

For these reasons, the Court concludes Section 1782 permits live trial testimony via video link and that the subpoena for Mr. Hjort's testimony is compliant with the Federal Rules of Civil Procedure. Because the statutory prerequisites under Section 1782 are also met and the factors under relevant case law are favorable, the Petition is granted.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's *Ex Parte Petition Pursuant to 28 U.S.C. § 1782 for Judicial Assistance* (ECF No. 1) is **GRANTED**.

2. Swisscanto is permitted to serve Rodney Hjort with the subpoena attached to the Declaration of Support (ECF No. 4-1 at 16-18). The subpoena shall include the case number for this matter, 26-mc-106 (DJF).

[4] *See, e.g.,* https://en.wikipedia.org/wiki/Prior_Lake,_Minnesota.

3. The Court finds good cause and compelling circumstances pursuant to Federal Rule of Civil Procedure 43(a) and directs Rodney Hjort to appear and give live testimony by contemporaneous video transmission at the trial of the Ontario action commencing on January 11, 2027 under the supervision of the Ontario Superior Court of Justice.
4. Mr. Hjort retains the right to object to answering any question at trial on the ground that the question breaches the applicable rules of privilege or the rules against self-incrimination under the law of this Court.
5. A copy of this Order and a copy of the Letter of Request shall be attached to the subpoena.
6. Mr. Hjort shall be given prompt notice of the subpoena and shall receive at least ten (10) days' notice before he is required to appear for testimony.
7. Any objection to the subpoena or the procedure authorized by this Order shall be raised within ten (10) days of service of this Order and the subpoena, with any further briefing to proceed on an expedited schedule set by the Court, so that any such objection may be addressed and resolved in advance of trial.

Dated: November 23, 2026

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge